```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA
```

```
CHARLOTTE MENDEZ,                )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CIV-16-189-KEW
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security Administration,         )
                                 )
          Defendant.             )
```

## OPINION AND ORDER

Plaintiff Charlotte Mendez (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 52 years old at the time of the ALJ's latest decision. Claimant completed her high school education and one year of college. Claimant has worked in the past as a collections clerk, corrections officer, home attendant, appointment clerk, poultry hanger, bandsaw operator, and machine packager. Claimant alleges an inability to work beginning November 1, 2009 due to limitations

resulting from degenerative disc disease, chronic back pain, arthritis, migraines, fibromyalgia, high blood pressure, diabetes, depression, and anxiety.

**Procedural History**

On October 11, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On September 13, 2011, Claimant filed an application for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 7, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II in McAlester, Oklahoma. By decision dated May 10, 2013, the ALJ denied Claimant's requests for benefits. The Appeals Council reversed and remanded the decision on June 11, 2014.

On remand, the ALJ conducted a second administrative hearing on November 20, 2014 in McAlester, Oklahoma. He issued a second unfavorable decision on January 8, 2015. The Appeals Council denied review on March 15, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in rejecting the opinion of her treatment provider that Claimant must use a cane to ambulate.

**RFC Determination**

In his decision, the ALJ found Claimant suffered from the severe impairments of minimal degenerative disc disease of the spine, left knee medial meniscus tear status post surgical repair, diabetes mellitus, and obesity. (Tr. 13). The ALJ determined Claimant retained the RFC to perform light work except that she can only occasionally climb ramps and stairs but never climb ropes, ladders, and scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl. She could not reach overhead bilaterally. According to the ALJ, Claimant must be allowed to alternately sit and stand every 15 to 20 minutes throughout the workday for the purpose of changing positions without leaving the workstation. (Tr. 22).

After consultation with a vocational expert, the ALJ found

5

Claimant could perform the representative jobs of arcade attendant, and small product assembler, both of which he found existed in sufficient numbers in the regional and national economies. (Tr. 29). As a result, the ALJ determined Claimant was not disabled from November 1, 2009 through the date of the decision. Id.

Claimant contends the ALJ failed to properly consider the opinion of Claimant's medical treatment provider that she must have a cane to ambulate. On July 20, 2012, Tonya J. Boles, a certified physician's assistant, examined Claimant. She noted Claimant's x-ray showed arthritis in the right knee and Claimant complained of the knee buckling. (Tr. 569). Ms. Boles found Claimant's right knee to be tender to palpation. Among her assessments, Ms. Boles diagnosed Claimant with right knee buckling and osteoarthritis. (Tr. 570). Ms. Boles directed Claimant to begin using a cane as directed. Id.

The ALJ discussed Ms. Boles treatment and assessments in his decision. (Tr. 15). He recognized Ms. Boles recommended the use of a cane due to buckling and tenderness. Id. The ALJ also discussed Claimant's testimony regarding her knee problems and that her "doctor suggested that she use a walker" but that a cane was prescribed in 2012. (Tr. 24). The ALJ, however, included no discussion of the weight accorded Ms. Boles opinion and did not

6

include any restrictions in the RFC or the hypothetical questioning of the vocational expert to accommodate the use of an assistive device or reject the recommendation for the use of the device.

A physician's assistant is not an "acceptable medical sources," as that term is defined by the regulations. Physician's assistants fall within the category of "other sources" and are deemed to be "medical sources" who are not "acceptable medical sources." 20 C.F.R. §§ 404.1513(d)(1); 416.913(d)(1). The formulation of Soc. Sec. R. 06-3p was intended as a clarification of existing regulations. This ruling states, in pertinent part:

> [The existing] regulations provide specific criteria for evaluating medical opinions from "acceptable medical sources"; however, they do not explicitly address how to consider relevant opinions and other evidence from "other sources" listed in 20 C.F.R. 404.1513(d) and 416.913(d). With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

In order to effectuate this express policy, the ALJ should discuss these "other sources" and fully explain the weight given to any such opinion. Bowman v. Astrue, 512 F.3d 1270, 1275 (10th Cir.

2008). The ALJ failed to expressly weigh and evaluate Ms. Boles' opinion, in particular as it pertains to the use of a cane. Defendant's explanation for the ALJ's omission is without support. The fact Defendant now argues Ms. Boles failed to explain the circumstances for the use of a cane only points up the ALJ's deficiencies in addressing this opinion. If further explanation were needed, he should have re-contacted Ms. Boles to ascertain the basis for the prescription, although the explanation appears relatively clear - knee buckling. On remand, the ALJ shall consider Ms. Boles' opinion concerning the use of a cane, state the weight given to the opinion and the basis for doing so, and its effect upon the RFC and the available cache of jobs to Claimant.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 13th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE